IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| RONALD E. GRAYSON, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 1:12-cv-1497 |
| ) | |
| METROPOLITAN WASHINGTON ) | |
| AIRPORTS AUTHORITY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendant's Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56. Plaintiff's Amended Complaint alleges racial discrimination and retaliation by his supervisor, an employee of Defendant, in violation of 42 U.S.C. § 1981.

Plaintiff, a firefighter under Defendant's employ since 1987, alleges that his supervisor, Deputy Chief Vincent Caponi, began discriminating against him in 2009. Caponi served as Plaintiff's supervisor for the preceding eight years without incident, but in 2009 he placed Plaintiff on a performance improvement plan ("PIP") in light of a poor performance evaluation. In 2010, Caponi assigned him a written reprimand, a negative mid-year performance review, and another PIP. Plaintiff considers such actions retaliation for complaining about Caponi's purportedly disparate treatment, specifically,

that Caponi gave preferential treatment to Plaintiff's Caucasian co-workers. Plaintiff was permanently transferred to the Fire Operations Division in March 2011, ending the alleged discriminatory treatment.

On December 7, 2012, Plaintiff filed this lawsuit under 42 U.S.C. §§ 1981 and 1983. His § 1983 discrimination and retaliation claims were dismissed upon his concession that he failed to file them within the limitations period. Plaintiff proceeds in his Amended Complaint here on his § 1981 allegations only: Count I, alleging race discrimination and a hostile work environment; and Count II, alleging retaliation and a hostile work environment.

Summary judgment is required when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The burden of the moving party . . . may be discharged by simply pointing out 'that there is an absence of evidence to support the nonmoving party's case.'" Carr v. Deeds, 453 F.3d 593, 608 (4th Cir. 2006)(quoting Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)). While the Court must construe all reasonable inferences in favor of the party not moving for summary judgment, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), the mere existence of some disputed facts does not merit a trial; rather, such facts must

be material to properly resolving the case at trial. See Thompson Everett, Inc. v. Nat'l Cable Adver., L.P., 57 F.3d 1317, 1323 (4th Cir. 1995).

Defendant is entitled to summary judgment because its status as a state actor precludes a cause of action through 42 U.S.C. § 1981. See Dennis v. Cnty. of Fairfax, 55 F.3d 151, 156 (4th Cir. 1995) ("[W]hen suit is brought against a state actor, § 1983 is the exclusive federal remedy for violation of the rights guaranteed in § 1981.") (quotations and citations omitted).

An actor is a state actor in any of the following three situations: (1) when "a sufficiently close nexus" between the actor and the state exists; (2) when the state "exercise[s] coercive power over" the actor "through extensive regulation . . . or . . . significant encouragement"; or (3) the actor is performing a traditionally "exclusive public function." S.P. v. City of Takoma Park, Md., 134 F.3d 260, 269 (4th Cir. 1998).

Defendant exists by virtue of an interstate compact, possessing powers and jurisdiction conferred upon it by the Commonwealth of Virginia and the District of Columbia to operate, maintain, develop, promote, and protect Ronald Reagan Washington National Airport and Washington Dulles International Airport. It is a public body, possessing both the authority to make legally-enforceable regulations and a statutorily-created

police force with the powers possessed by other municipal and Virginia state police officers. It possesses eminent domain power, is exempt from taxation, possesses a fire department, and has its Board of Directors derive from appointments made by the President of the United States, the Governors of Maryland and Virginia, and the Mayor of the District of Columbia. The State's regulatory power over Defendant and the functions Defendant performs qualify it as a state actor.

In response, the Plaintiff provides no factual dispute. Plaintiff contends that the Defendant is "not solely a state actor" because it is independent of Virginia state and local governments. This does not bear on the state action analysis, as S.P.'s discussion explicates. Plaintiff also argues that the actions he complains of constitute proprietary personnel matters, not a state actor's immunized public functions. The Plaintiff conflates state action with sovereign immunity. State action is not a determination that the state is immune from suit over the conduct of which Plaintiff complains, but rather that "the party charged with the deprivation" of a right created by the State is "a person who may fairly be said to be a state actor." See Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). Indeed, under § 1983 state action is a prerequisite for liability. See id. at 928.

"The § 1983 requirement that plaintiff[] show[s] an official policy or custom of discrimination also controls in § 1981 actions against state entities." See Dennis, 55 F.3d at 156. The Plaintiff must show that the Defendant possessed an official policy or custom of discrimination that proximately caused his injury. See Jordan ex rel. Jordan v. Jackson, 15 F.3d 333, 338 (4th Cir. 1994). Such a policy may formally exist, or arise "if a practice is so persistent and widespread and so permanent and well settled as to constitute a custom or usage with the force of law." See Carter v. Morris, 164 F.3d 215, 218 (4th Cir. 1999) (quotations and citations omitted).

Plaintiff puts forth no evidence that any alleged discrimination or retaliation resulted from an official policy or custom of discrimination. Defendant possesses formal policies opposing such discrimination and those were in effect during the alleged discriminatory periods. Furthermore, Plaintiff received many prior positive performance evaluations from Chief Caponi and never received a negative performance evaluation prior to the alleged discriminatory period. When Plaintiff brought his complaints about Chief Caponi to his superiors, his concerns were seriously considered and even resulted in raising his 2010 performance-management-partnership rating after Plaintiff complained that Chief Caponi improperly reduced it. His superiors also rejected a proposal that

Plaintiff receive a written reprimand in 2010. What is more, Plaintiff has since transferred to another position within the fire operations division that places him in a supervisory role with increased pay. Such instances not only fail to evince a policy or custom of discrimination, they also cast the existence of any such policy into doubt. Plaintiff cannot show any genuine dispute of material fact and Defendant is entitled to judgment as a matter of law.

An appropriate Order shall issue.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia
March 18, 2014